1  Amanda C. Sommerfeld (SBN 185052)
   asommerfeld@jonesday.com
2  JONES DAY
   555 South Flower Street, Fiftieth Floor
3  Los Angeles, California 90071.2452
   Telephone:  +1.213.489.3939
4  Facsimile:  +1.213.243.2539

5  Patricia T. Stambelos (SBN 166998)
   patricia@patriciastambelos.com
6  STAMBELOS LAW OFFICE
   543 Country Club Drive, Suite B209
7  Simi Valley, California 93065
   Telephone:  +1.805.578.3474
8

9  Attorneys for Defendant
   SKYWEST AIRLINES, INC.
10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14 | HARMONY A. WOOD, on behalf of herself, and others similar situated, | Case No. **'25CV340 H   JLB**
15 | | 
   | Plaintiff, | **DEFENDANT SKYWEST AIRLINES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**
16 | |
17 | v. | 
   | | **[28 U.S.C. §§ 1332(d), 1441(b) and 1446]**
18 | SKYWEST AIRLINES, INC., and DOES 1 through 100, inclusive, | 
   | | Date Action Filed: January 15, 2025
19 | Defendants. | Action Removed:  February 14, 2025

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

|  |  |
|---|---|
| 1 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT:** |
| 2 | **PLEASE TAKE NOTICE THAT** Defendant SkyWest Airlines, Inc. ("SkyWest" or |
| 3 | "Defendant") hereby removes this matter to the United States District Court for the Northern |
| 4 | District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441(b), and 1446. This Court has original |
| 5 | subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. |
| 6 | §§ 1332(d) and 1453, because minimum diversity exists, there are more than 100 putative class |
| 7 | members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs. |
| 8 | In support of this removal, Defendant states the following: |

### Summary of Allegations In Plaintiff's Complaint

1. On January 15, 2025 Plaintiff Harmony Wood ("Plaintiff") filed a Complaint in California Superior Court for the County of San Mateo, Case No. 25-CIV-00331, entitled *Harmony A Wood v. SkyWest Airlines, Inc.* (the "Complaint"). Plaintiff served SkyWest with the Complaint on January 17, 2025. A true and correct copy of Plaintiff's Summons and Complaint are attached to this Notice of Removal as **Exhibit 1**.

2. In the Complaint, Plaintiff asserts claims for: 1) failure to pay minimum wages; 2) failure to pay overtime wages; 3) failure to provide meal periods; 4) failure to provide rest periods; 5) failure to provide accurate wage statements; 6) failure to timely pay wages at time of separation; and 7) unfair competition.

3. Plaintiff purports to represent "current, former, and/or future Flight Attendants of Defendants as direct employees as well as temporary employees employed therein through temp agencies who work as hourly non-exempt employees." (Compl. ¶ 3.)

4. Plaintiff seeks to certify nine separate classes which are collectively referred to as the "California Class." (*Id.* ¶¶ 42–43.)

   A. **Minimum Wage Class:** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who

were not paid at least minimum wage for all time they were subject to Defendant's control.

B. **<u>Overtime Class:</u>** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendant did not pay overtime wages.

C. **<u>Regular Rate Class:</u>** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7) days in a workweek, who received additional remuneration during pay periods in which they were paid overtime wages, and whose compensation did not include such additional remuneration when Defendant calculated those employees' overtime wages.

D. **<u>Meal Period Class:</u>** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who worked shifts more than five (5) hours yet Defendant failed to authorize or permit all required duty-free meal periods of not less than thirty (30) minutes.

E. **<u>Meal Period Premium Wages Class:</u>** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California

at any time from September 16, 2023 through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid meal period premium wages and whose regular rate of pay did not include such additional remuneration when Defendant calculated those employees' meal period premium wages.

F. **Rest Period Class:** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4) hours worked or major fraction thereof.

G. **Rest Period Premium Wages Class:** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid rest period premium wages and whose regular rate of pay did not include such additional remuneration when Defendant calculated those employees' rest period premium wages.

H. **Wage Statement Class**: All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

I. **Waiting Time Class:** All current and former hourly non-exempt Flight Attendants employed by Defendant as direct employees as well as temporary

- 3 -

employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

5. Through this action, Plaintiff seeks, *inter alia*, declaratory relief, injunctive relief, actual damages, liquidated damages, pre-judgment interest, and attorneys' fees and costs. (*See generally* Compl., Prayer for Relief.)

6. Pursuant to 28 U.S.C. § 1446(d), SkyWest will promptly provide written notice of removal of the state court action to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Superior Court for the State of California for San Mateo County. Attached hereto as **Exhibit 2** is a copy of the notice that SkyWest intends to file.

7. Attached hereto as **Exhibit 3** is a copy of all documents related to this action which have been filed in state court, including a nonconformed copy of SkyWest's Answer and Affirmative Defenses. In accordance with 28 U.S.C. § 1446(a), Exhibits 1 through 3 constitute all process, pleadings, and orders in the state court action that SkyWest is aware of as of the date this Notice of Removal was filed.

**Timeliness of Removal and Venue**

8. The deadline to remove a civil action to federal court is thirty days from the date a defendant is served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b). Here, Plaintiff served the compliant on January 17, 2025. Accordingly, the deadline for SkyWest to remove the state court action is February 16, 2025. This Notice of Removal has been timely filed on February 14, 2025.

9. This United States District Court is the proper district court for removal because Plaintiff originally filed her Complaint in San Mateo Superior Court, which is located within the Northern District of California. *See* 28 U.S.C. § 84(a). As such, venue is proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

///

- 4 -

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**Removal Jurisdiction Under the Class Action Fairness Act ("CAFA")**

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, PL 109-2, February 18, 2005, 119 Stat. 14). Under section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A); (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100. 28 U.S.C. § 1332(d)(2), (5)(B).

11. As detailed below, all CAFA requirements are satisfied in this case.

***Minimal Diversity of Citizenship Is Present***

12. Under CAFA, the minimal diversity requirement is satisfied when: 1) at least one plaintiff is a citizen of a state in which none of the defendants are citizens; 2) at least one plaintiff is a citizen of a foreign state, and one defendant is a U.S. citizen; or 3) at least one plaintiff is a U.S. citizen, and one defendant is a citizen of a foreign state. *See* 28 U.S.C. § 1332(d)(2). "Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. § 1332(d)(2)(A)).

13. In the absence of a factual or as-applied challenge, a removing party's "short and plain statement" alleging the parties' citizenship is sufficient to satisfy the burden of pleading minimal diversity under CAFA. *See Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1227* (9th Cir. 2019) (internal citations and quotation marks omitted).

14. A corporation is deemed to be a citizen of the states where it is incorporated and where its principal place of business is located. See 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (a corporation's principal place of business is its "nerve center," which will normally be where it maintains its headquarters). As set forth in the Declaration of Steven Spagnolo attached hereto as **Exhibit 4** ("Spagnolo Decl."), SkyWest is incorporated and has

its principal place of business in Utah. (Spagnolo Decl. ¶ 2.) Accordingly, SkyWest is a citizen of Utah.

15. As alleged in the Complaint, "Plaintiff is and was a resident of California." (Compl. ¶ 3.) Further, SkyWest is informed and believes, and on that basis alleges, that a substantial number of members of the putative classes identified in the Complaint are citizens of states other than Utah, including, but not limited to, California. (*See Id.* ¶ 3.)

16. The minimal diversity requirement is satisfied because putative Plaintiffs in this action and SkyWest are citizens of different states. *See* 28 U.S.C. § 1332(d)(2); *Broadway Grill*, 856 F.3d at 1276.

### *The Putative Class Exceeds 100 Individuals*

17. Under CAFA, the number of putative class members in the aggregate must not be less than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

18. Based on the class definition and a review and analysis of SkyWest's records, the number of putative class members in the California Class employed from September 16, 2023 through December 31, 2024 is 1,090. (Spagnolo Decl. ¶ 3.) Additionally, 169 California-based Flight Attendants separated from SkyWest's employment between September 16, 2023 and December 31, 2024. (*Id.* ¶ 11.)

19. Accordingly, there are more than 100 class members in Plaintiff's proposed California Class.

### *The Amount In Controversy Exceeds $5,000,000*

20. To remove a class under CAFA, the total amount-in-controversy must exceed $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89; *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) ("Amount at stake does not mean likely or probable liability; rather, it refers to possible liability.") (internal citation and quotation marks omitted). To satisfy this burden, a defendant may rely on a "chain of reasoning" that is based on "reasonable" assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015). Assumptions

are reasonable when they are "founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019).

21.     Though SkyWest concedes neither liability on Plaintiff's claims nor the propriety or breadth of the purported classes as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See generally* Compl.; *see also* 28 U.S.C. § 1332(d). Plaintiff seeks to recover, *inter alia*, statutory penalties for unpaid wages, actual damages for unpaid wages, liquidated damages for minimum wage violations, actual damages for unpaid minimum wages, unpaid meal premium wages, unpaid rest break premium wages, damages and penalties for inaccurate wage statements, damages and penalties for waiting time violations, restitution for unfair competition, as well as attorneys' fees on behalf of herself and each of the purported class members. (*See, e.g.*, Compl., Prayer for Relief.)

22.     For purposes of drawing very conservative estimates of the amount-in-controversy, the analysis below is based on only a subset of Plaintiff's claims: missed meal and rest periods, inaccurate wage statements, waiting time penalties, and applicable attorneys' fees. Additionally, for calculating the amount in controversy with respect to Plaintiff's meal and rest break claims, SkyWest has applied the California state minimum wage rate in effect at the time of each purported violation rather than a Flight Attendant's actual credit rate (which is based on seniority under their collective bargaining agreement), even though Flight Attendant credit rates are considerably higher than the minimum wage rates and would increase the amount in controversy.[1]

23.     Even when using these very conservative estimates to calculate the total amount-in-controversy, the threshold of $5,000,000 necessary to establish CAFA jurisdiction is satisfied as follows:[2]

---

[1] As described in greater detail in the Spagnolo Declaration, Flight Attendant's pay is based on a contractually agreed upon formula. (*See* Spagnolo Decl. ¶ 6.) Flight Attendants' so-called "credit rate" is much higher than the applicable minimum wage in California. (*See Id.* Ex. 1.)

[2] In alleging the amount in controversy for purposes of removal, SkyWest does not concede nor acknowledge in any way that the allegations in Plaintiff's Complaint are accurate or that Plaintiff or any proposed class member are entitled to any amount under any claim or cause of action. Nor does SkyWest concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all its current or former employees are entitled to any recovery in this case or are appropriately included in the putative class.

24.     *Plaintiffs third and fourth causes of action for meal and rest break penalties*: Plaintiff alleges that SkyWest maintains a policy of denying meal and rest breaks for its Flight Attendants and refusing to pay Flight Attendants for one hour of pay at their regular rate of pay for each missed meal and rest break. (Compl. ¶¶ 69, 77-78.)

25.     Based on these allegations, for the purposes of calculating the amount in controversy, "it is reasonable to assume . . . one meal break violation and one rest period violation per" pay period per putative class member. *Cabrera v. S. Valley Almond Co., LLC*, No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *10 (E.D. Cal. Dec. 16, 2021).

26.     SkyWest's records indicate that from September 16, 2023 to December 31, 2024, putative class members worked a total of 124,143 duty periods that were more than 3.5 hours, the threshold alleged for entitlement to a rest break. (Spagnolo Decl. ¶ 10.) SkyWest's records likewise indicate that, during the same period, putative class members worked a total of 113,754 duty periods that were longer than 5 hours, the threshold for a potential meal break. (*Id.*) Although SkyWest Flight Attendants' credit rates are considerably higher than California's minimum wage and thus, their corresponding regular rate of pay, SkyWest has used the applicable California minimum wage to calculate the amount in controversy for the allegedly owed missed meal and rest break premiums. From January 1, 2023 to December 31, 2023 the minimum wage in California was $15.50/hour and from January 1, 2024 to December 31, 2024 the minimum wage in California was $16.00/hour. *See* Department of Industrial Relations, *Minimum Wage Frequently Asked Questions*, https://www.dir.ca.gov/dlse/faq_minimumwage.htm (last visited February 10, 2025). Applying these minimum wage rates (instead of the Flight Attendants' actual higher rates) and reasonable assumptions, SkyWest estimates that Plaintiff's claim for missed rest periods places at least $1,973,368 in controversy, and her claim for missed meal breaks places at least $1,808,155 in controversy.

27.     *Plaintiff's fifth cause of action for failure to provide complete and accurate wage statements*: Plaintiff's fifth cause of action seeks statutory penalties pursuant to California Labor Code section 226 based on SkyWest's alleged failure to provide members of the putative Wage Statement Class with accurate itemized wage statements. (Compl. ¶ 150.) Specifically, Plaintiff

- 8 -

1  alleges that SkyWest "provided Plaintiff and the Wage Statement Class with itemized statements
2  which stated inaccurate information including, but not limited to, the number of hours worked, the
3  gross wages earned, and the net wages earned." (*Id.* ¶ 151.) This cause of action is "a derivative
4  of Plaintiff's" other causes of action. (*Id.* ¶ 150.)

28.  Plaintiff alleges that SkyWest maintains a "policy" of requiring Flight Attendants to work without paying them the mandatory minimum wage, refusing to pay overtime wages, failing to provide meal and periods and refusing to pay Flight Attendants for missed meal and rest periods. (*See* Compl. ¶¶ 48, 58, 62, 68, 69, 77, 78.) Assuming these allegations are true for the purpose of removal, it is reasonable to assume that each wage statement issued to a Flight Attendant in the Wage Statement class during the period identified in the complaint failed to accurately reflect a Flight Attendant's pay and hours worked, thus giving rise to the statutory penalties Plaintiff seeks. *See Cabrera v*, 2021 WL 5937585 at *10.

29.  Plaintiff seeks "to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee" from January 15, 2024 to the present. (Compl. ¶¶ 42(H), 154.)

30.  From January 15, 2024 to December 31, 2024, SkyWest's records show that it employed 1,031 individuals as California-based Flight Attendant to which it issued a total of 16,058 wage statements. (Spagnolo Decl. ¶¶ 5, 11.) With an assumption of one inaccurate wage statement per pay period per California-based Flight Attendant and assuming a penalty of $50 for the first violation and a $100 violation for every subsequent violation up to a maximum of $4,000 per putative class member, SkyWest estimates that this claim places at least $1,555,000 in controversy.

31.  *Plaintiff's sixth cause of action for failure to timely pay wages and final paychecks (waiting time penalties)*: Plaintiff alleges that SkyWest "failed to pay Plaintiff and on information and belief, the Waiting Time Class, with [sic] all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202" and that SkyWest maintains

a "policy . . . of not paying hourly employees all earned wages timely upon separation of employment." (Compl. ¶ 160.)

32. Given the broad allegations of the Complaint that SkyWest miscalculated the hours worked, miscalculated the regular rate of pay, and failed to provide pay for missed meal and rest periods, it is more than reasonable to assume, for purposes of establishing the amount in controversy, that each discharged employee was not paid all wages due at the time of termination and would be entitled to the maximum waiting time penalty. *See, e.g., Gomez v. Michaels Stores, Inc.*, No. EDCV 15-2328-JGB-DTBx, 2016 WL 738196, at *3 (C.D. Cal. Feb. 22, 2016) ("[I]t is not unreasonable for Michaels to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations.").

33. Plaintiff seeks to recover "all wages earned prior to separation of employment that Defendants have yet to pay them" as well as a "continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days." (Compl. ¶¶ 162–63.)

34. As outlined in greater detail in the Declaration of Steven Spagnolo, Flight Attendants are not paid on an hourly basis. Instead, they are paid based on complex, negotiated, compensation formulas set forth in their Collective Bargaining Agreement ("CBA"). Under the CBA, SkyWest's Flight Attendants are not paid on an hourly basis but are instead paid primarily according to the number of "credits" (also called "credit hours") that they earn each month; these credit hours are calculated by applying several formulas to each trip they work, and then applying the formula that results in the most credit hours (and thus the highest pay) in each month. (Spagnolo Decl. ¶ 6.) A Flight Attendant's applicable negotiated "credit rate" – which is based on their seniority – is then applied to their credit hours to determine their pay. (*Id.*)

35. One of the negotiated pay formulas for Flight Attendants is the "minimum daily guarantee" which sets a minimum compensation threshold for each duty day. When this formula applies, a Flight Attendant will be paid at least 4.2 credit hours for each duty day that the employee is scheduled to work. These credit hours are paid at the Flight Attendant's applicable negotiated credit rate. Typically, a Flight Attendant will earn more as the average credit hours earned per duty

- 10 -

1  day is greater than 4.2, but this formula provides a guaranteed minimum. (Spagnolo Decl. ¶ 8.)
2  When this formula applies, a Flight Attendant will be paid for at least 4.2 credit hours, for each
3  duty day they are scheduled to work, and these credit hours are paid at the Flight Attendant's
4  applicable negotiated credit rate. (*Id.*) Flight Attendants can also receive boarding pay of ½ of a
5  credit hour. (*Id.*)

6        36.    SkyWest's records indicate that from September 16, 2023 to December 31, 2024,
7  169 California Flight Attendants separated from employment. (*Id.* ¶ 11.) Taking the smaller of 30
8  days **or** the number of days from termination to the date of the Complaint and multiplying that by
9  the sum of the each Flight Attendant's Minimum Daily Guarantee (their credit rate at the time of
10 separation x 4.2 hours) and their Boarding Pay (their credit rate at the time of separation ÷ 2 × 0.5
11 hours), SkyWest estimates that Plaintiff's claim for failure to timely pay wages and final paychecks
12 places at least $669,093 in controversy. (*See id.* ¶¶ 8, 12.)

13       37.    <u>Claim for attorneys' fees</u>: Plaintiff seeks attorneys' fees for her fifth cause of action
14 alleging inaccurate wage statements and her sixth cause of action alleging failure to timely pay
15 wages and final paychecks (waiting time penalties). (*See* Compl., Prayer for Relief.) Where, as
16 here, Plaintiff is entitled to recover future attorney's fees if this action succeeds, "there is no
17 question that future [attorneys' fees incurred after removal] are 'at stake' in the litigation, and the
18 defendant may attempt to prove that future attorneys' fees should be included in the amount in
19 controversy." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (internal
20 citations omitted). Courts in the Ninth Circuit commonly apply a 25% benchmark for the recovery
21 of attorneys' fees when calculating the amount-in-controversy. *In re Hyundai & Kia Fuel Econ.*
22 *Litig.*, 926 F.3d 539, 570 (9th Cir. 2019).

23       38.    With respect to Plaintiff's fifth cause of action for failure to provide complete and
24 accurate wage statements, using 25% as a benchmark for attorney's fees would add $388,500 to the
25 amount in controversy.

26       39.    With respect to Plaintiff's sixth cause of action for failure to timely pay wages and
27 final paychecks, using 25% as a benchmark for attorney's fees would add $167,273 to the amount
28 in controversy.

40. Accepting all allegations in Plaintiff's Complaint as true for the purposes of this removal petition, SkyWest's extremely conservative estimates show that this dispute well exceeds the minimum amount-in-controversy requirement under CAFA. As shown in the chart below, even excluding the amounts placed in controversy for Plaintiff's minimum wage, overtime, and unfair business practices claims, there is at least **$6,561,389** in dispute in this action:

| Claim | Calculation | Amount In Controversy |
|---|---|---|
| Third Cause of Action: Alleged failure to provide meal breaks | CA Minimum Wage x 113,754 meal break eligible duty periods from September 16, 2023 to December 31, 2024 | $1,808,155 |
| Fourth Cause of Action: Alleged failure to provide rest breaks | CA Minimum Wage x 124,143 rest break eligible duty periods from September 16, 2023 to December 31, 2024 | $1,973,368 |
| Fifth Cause of Action: Alleged failure to provide complete and accurate wage statements | 16,058 duty periods at a violation rate of $50 for the first violation and a $100 violation for every subsequent violation up to a maximum of $4,000 x 1,031 Flight Attendants | $1,555,000 |
| Fifth Cause of Action: Attorney's fees | .25 x $1,555,000 | $388,500 |
| Sixth Cause of Action: Alleged failure to timely pay wages and final paychecks (waiting time penalties) | 169 Flight Attendants who separated between September 16, 2023 and December 31, 2024 x each Flight Attendant's final credit rate at the time of separation x 4.2 hours per day (minimum daily guarantee) x 30 days | $669,093 |
| Sixth Cause of Action: Attorneys' Fees | .25 x $669,093 | $167,273 |
| **TOTAL** | | $6,561,389 |

## Conclusion

WHEREFORE, the above-titled action is hereby removed to this Court from the Superior Court of the State of California for the County of San Mateo.

| | | |
|---|---|---|
| 1 | Dated: February 14, 2025 | Respectfully submitted, |
| 2 | | JONES DAY |
| 3 | | By: */s/ Amanda C. Sommerfeld* |
| 4 | |     Amanda C. Sommerfeld |
| 5 | | Attorneys for Defendant<br>SKYWEST AIRLINES, INC.<br>Email:  asommerfeld@jonesday.com |

- 13 -

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT