# Exhibit 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SKYWEST AIRLINES, INC.; and DOES 1 to 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HARMONY A WOOD, on behalf of herself and others similarly situated

**Electronically**
**FILED**
by Superior Court of California, County of San Mateo
ON 1/15/2025
By **/s/ Anthony Berini**
**Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Mateo County Superior Court<br><br>Southern Branch, 400 County Center, Redwood City, CA 94063 | CASE NUMBER:<br>*(Número del Caso):* | 25-CIV-00331 |
|---|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776), Lavi & Ebrahimian, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211,(310) 432-0000

| DATE: 1/15/2025 | Clerk, by | /s/ Anthony Berini | , Deputy |
|---|---|---|---|
| *(Fecha)* Neal I. Taniguchi | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Skywest Airlines, Inc., Form Unknown
   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Form Unknown
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|



Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          1/15/2025
By_____ **/s/ Anthony Berini**
Deputy Clerk

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Matthew Gustin, Esq, (SBN 310714)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
        vgranberry@lelawfirm.com
        mgustin@lelawfirm.com

Attorneys for Plaintiff HARMONY A WOOD,
on behalf of herself and others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | |
|---|---|
| HARMONY A WOOD, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:  25-CIV-00331<br><br>**CLASS ACTION**<br><br>**PLAINTIFF HARMONY A WOOD'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>1.  **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>2.  **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**<br><br>3.  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**<br><br>4.  **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7**<br><br>5.  **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226** |

**COMPLAINT**
1

1
2
3
4
5
6
7
8

6. **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

7. **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

9     **COMES NOW** Plaintiff HARMONY A WOOD ("Plaintiff"), who alleges and complains

10  on information and belief except as to those allegations relating to Plaintiff herself which are

11  asserted on personal knowledge, against Defendants SKYWEST AIRLINES, INC.; and DOES 1

12  to 100, inclusive (collectively "Defendants") as follows:

13  **I.    INTRODUCTION**

14     1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure

15  to pay wages for all hours worked at minimum wage and all overtime hours worked at the

16  overtime rate of pay; failure to pay overtime wages at the proper overtime rate of pay; failure to

17  authorize or permit all legally required and/or compliant meal periods  or pay meal period

18  premium wages; failure to authorize or permit all legally required and/or compliant rest periods or

19  pay rest period premium wages; statutory penalties for failure to provide accurate wage

20  statements; statutory waiting time penalties in the form of continuation wages for failure to timely

21  pay employees all wages due upon separation of employment; injunctive relief and other equitable

22  relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs;

23  and interest brought on behalf of Plaintiff and others similarly situated.

24  **II.    JURIDISCTION AND VENUE**

25     2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for

26  failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the

27  overtime rate of pay; failure to pay overtime wages at the proper overtime rate of pay; failure to

28  authorize or permit all legally required and/or compliant meal periods  or pay meal period

1   premium wages; failure to authorize or permit all legally required and/or compliant rest periods or

2   pay rest period premium wages; statutory penalties for failure to provide accurate wage

3   statements; statutory waiting time penalties in the form of continuation wages for failure to timely

4   pay employees all wages due upon separation of employment; and claims for injunctive relief and

5   restitution under California Business and Professions Code sections 17200, *et seq.*, for the

6   following reasons: Defendants operate throughout California; Defendants employed Plaintiff and

7   putative class members in locations throughout California, including but not limited to San Mateo

8   County, at 780 S Airport Blvd., San Francisco, CA 94128, more than two-thirds of putative class

9   members are California citizens; the principal violations of California law occurred in California;

10  no other class actions have been filed against Defendants during the applicable time period

11  alleging wage and hour violations; the conduct of Defendants forms a significant basis for

12  Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek

13  significant relief from Defendants.

14  **III.   PARTIES**

15  3.   Plaintiff brings this action on behalf of herself and other members of the general

16  public similarly situated. The named Plaintiff and the class of persons on whose behalf this action

17  is filed are current, former, and/or future Flight Attendants of Defendants as direct employees as

18  well as temporary employees employed through temp agencies who work as hourly non-exempt

19  employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of

20  California and was employed by Defendants in the State of California within the four (4) years

21  prior to the filing of this Complaint.

22  4.   Defendants employed Plaintiff as an hourly non-exempt Flight Attendant from in or

23  around May 8, 2024, until on or about November 8, 2024.

24  5.   Plaintiff is informed and believes and thereon alleges that Defendants employed her

25  and other hourly non-exempt Flight Attendants throughout the State of California and therefore

26  their conduct forms a significant basis of the claims asserted in this matter.

27  6.   Plaintiff is informed and believes and thereon alleges that Defendant SKYWEST

28  AIRLINES, INC. is authorized to do business within the State of California and is doing business

Exhibit 1, Page 18

in the State of California and/or that Defendants DOES 1-50 are, and at all times relevant hereto were persons acting on behalf of Defendant SKYWEST AIRLINES, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant SKYWEST AIRLINES, INC. operates in San Mateo County and employed Plaintiff and putative class members in San Mateo County, including but not limited to, at 780 S Airport Blvd., San Francisco, CA 94128.

7.     Plaintiff is informed and believes and thereon alleges that Defendants DOES 51-100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in his or her capacity as an agent, shareholder, owner, representative, supervisor, independent contractor and/or employee of each Defendants and participated in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies.

8.     Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues said Defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9.     Plaintiff is informed and believes and thereon alleges that at all relevant times, each Defendants was an employer, was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged in this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants" means "Defendants and each of them," and refers to the Defendants named in the particular cause

1  of action in which the word appears and includes Defendant SKYWEST AIRLINES, INC. and
2  DOES 1 to 100, inclusive.

3      10.    At all times mentioned herein, each Defendants was the co-conspirator, agent,
4  servant, employee, and/or joint venturer of each of the other Defendants and was acting within the
5  course and scope of said conspiracy, agency, employment, and/or joint venture and with the
6  permission and consent of each of the other Defendants.

7      11.    Plaintiff makes the allegations in this Complaint without any admission that, as to
8  any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and
9  Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

10 **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

11     12.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order
12 ("Wage Order"), codified at California Code of Regulations, title 8, section 11090, Defendants are
13 employers of Plaintiff within the meaning of Wage Order 9 and applicable Labor Code sections.
14 Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of
15 herein in violation of the Wage Order and the Labor Code.

16     13.    **Failure to pay wages for all hours worked at the legal minimum wage**:
17 Defendants employed many of their employees, including Plaintiff, as hourly non-exempt
18 employees. In California, an employer is required to pay hourly employees for all "hours worked,"
19 which includes all time that an employee is under the control of the employer and all time the
20 employee is suffered and permitted to work. This includes the time an employee spends, either
21 directly or indirectly, performing services which inure to the benefit of the employer.

22     14.    Labor Code sections 1194 and 1197 require an employer to compensate employees
23 for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the
24 Wage Orders.

25     15.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes
26 per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and
27 similarly situated employees all wages at the applicable minimum wage for all hours worked due
28 to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Defendant failed to pay Plaintiff and similarly situated employees' their actual hours worked during their shifts and instead paid Plaintiff and similarly situated employees based on anticipated trip times and not all hours worked.

16.    Plaintiff and similarly situated employees were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated employees worked.

17.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt employees to be subject to Defendants' control without paying wages for that time. This resulted in Plaintiff and similarly situated employees working time for which they were not compensated any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 9.

18.    **Failure to pay wages for overtime hours worked at the overtime rate of pay and/or failure to pay overtime wages at the proper overtime rate of pay**: Defendants employed many of their employees, including Plaintiff, as hourly non-exempt employees. In California, an employer is required to pay hourly employees for all "hours worked," which includes all time that an employee is under the control of the employer and all time the employee is suffered or permitted to work. This includes the time an employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

19.    Labor Code sections 510 and 1194 and Wage Order 9 require an employer to compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work in a workweek:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

Labor Code section 510; Wage Order 9, §3.

20.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the

applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or procedures including, but not limited to:

(a) Defendant failed to pay Plaintiff and similarly situated employees' their actual hours worked during their shifts and instead paid Plaintiff and similarly situated employees based on anticipated trip times and not all hours worked.

21.     Plaintiff and similarly situated employees were not paid for this time.

22.     To the extent the employees had already worked 8 hours in the day and on workweeks they had already worked 40 hours in a workweek, the employees should have been paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time which should have been paid at the legal overtime rate but was not paid any wages in violation of Labor Code sections 510, 1194, and Wage Order 9.

23.     Furthermore, overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

24.     In this case, Plaintiff alleges that when she and similarly situated employees earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as per diem pay for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying overtime.

25.     Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

26.     **Failure to authorize or permit all legally required and compliant meal periods and/or failure to pay meal period premium wages:** Defendants often employed hourly non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts longer than five (5) hours in length and shifts longer than ten (10) hours in length.

27.     California law requires an employer to authorize or permit an uninterrupted meal period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code section 512; Wage Order 9, §11. If the employee is not relieved of all duties during a meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. A paid "on duty" meal period is only permitted when (1) the nature of the work prevents an employee from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty meal periods. If the employee is not free to leave the work premises or worksite during the meal period, even if the employee is relieved of all other duty during the meal period, the employee is subject to the employer's control and the meal period is counted as time worked. If an employer fails to provide an employee a meal period in accordance with the law, the employer must pay the employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 9, §11.

28.     Here, Plaintiff and similarly situated employees worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiff and similarly situated employees timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked.

(b) Requiring Plaintiff and similarly situated employees who worked single flight attendant posts to remain on-duty during their meal periods because no other flight attendant was available to relieve them of their work duties during meal breaks.

29.     Additionally, Defendants failed to pay Plaintiff and similarly situated employees a meal period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant meal periods.

Defendants employed policies and procedures which ensured that employees did not receive any meal period premium wages to compensate them for workdays in which they did not receive all legally required and compliant meal periods.

30.    Finally, on occasions when Defendants paid Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as per diem pay for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

31.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

32.    **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

33.    California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 9, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 9, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order

9, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

34.    In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices, and/or procedures included, but were not limited to:

(a) Failing to provide Plaintiffs and similarly situated employees with net ten (10) minute rest breaks for every four (4) hours worked or major fraction thereof.

(b) Requiring Plaintiff and similarly situated employees who worked single flight attendant posts to remain on-duty during their rest periods because no other flight attendant was available to relieve them of their work duties during rest breaks.

35.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a rest period premium wage of one (1) additional hour of pay at their regular rate of compensation for each workday the employees did not receive all legally required and compliant rest periods. Defendants employed policies and procedures which ensured that employees did not receive any rest period premium wages to compensate them for workdays in which they did not receive all legally required and compliant rest periods.

36.    Finally, on occasions when Defendants did pay Plaintiff and similarly situated employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly situated employees' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as  per diem pay for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying rest period premiums.

37.    The aforementioned policies, practices, and/or procedures of Defendants resulted in

Plaintiff and similarly situated employees not being provided with all legally required and compliant rest periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

38. **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

39. As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

40. **Failure to timely pay final wages**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

41. As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that she and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest

Exhibit 1, Page 26

1  period premium wages (all described above), were not paid at the time of Plaintiff's and other
2  similarly situated employees' separation of employment, whether voluntarily or involuntarily, as
3  required by Labor Code sections 201, 202, and 203.

4  ## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

5      42.    Plaintiff brings this action on behalf of herself, on behalf of others similarly
6  situated, and on behalf of the general public, and as members of a Class defined as follows:

7          **A.    Minimum Wage Class**: All current and former hourly non-exempt Flight
8  Attendants employed by Defendants as direct employees as well as temporary employees
9  employed through temp agencies in California at any time from September 16, 2023 through the
10  date notice is mailed to a certified class who were not paid at least minimum wage for all time
11  they were subject to Defendants' control.

12          **B.    Overtime Class:** All current and former hourly non-exempt Flight
13  Attendants employed by Defendants as direct employees as well as temporary employees
14  employed through temp agencies in California at any time from September 16, 2023 through the
15  date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty
16  (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay
17  overtime wages.

18          **C.    Regular Rate Class:** All current and former hourly non-exempt Flight
19  Attendants employed by Defendants as direct employees as well as temporary employees
20  employed through temp agencies in California at any time from September 16, 2023 through the
21  date notice is mailed to a certified class who worked more than eight (8) hours in a workday, more
22  than forty (40) hours in a workweek, and/or seven (7) days in a workweek, who received
23  additional remuneration during pay periods in which they were paid overtime wages, and whose
24  compensation did not include such additional remuneration when Defendants calculated those
25  employees' overtimes wages.

26          **D.    Meal Period Class**: All current and former hourly non-exempt Flight
27  Attendants employed by Defendants as direct employees as well as temporary employees
28  employed through temp agencies in California at any time from September 16, 2023 through the

Exhibit 1, Page 27

1  date notice is mailed to a certified class who worked shifts more than five (5) hours yet

2  Defendants failed to authorize or permit all required duty-free meal periods of not less than thirty

3  (30) minutes.

4        E.     **Meal Period Premium Wages Class**: All current and former hourly non-

5  exempt Flight Attendants employed by Defendants as direct employees as well as temporary

6  employees employed through temp agencies in California at any time from September 16, 2023

7  through the date notice is mailed to a certified class who received additional remuneration during

8  pay periods in which they were paid meal period premium wages and whose regular rate of pay

9  did not include such additional remuneration when Defendants calculated those employees' meal

10  period premium wages.

11        F.     **Rest Period Class**: All current and former hourly non-exempt Flight

12  Attendants employed by Defendants as direct employees as well as temporary employees

13  employed through temp agencies in California at any time from September 16, 2023 through the

14  date notice is mailed to a certified class who worked shifts of at least three-and-a-half (3.5) hours

15  who did not receive all required duty-free rest periods of a net ten (10) minutes for every four (4)

16  hours worked or major fraction thereof.

17        G.     **Rest Period Premium Wages Class**: All current and former hourly non-

18  exempt Flight Attendants employed by Defendants as direct employees as well as temporary

19  employees employed through temp agencies in California at any time from September 16, 2023

20  through the date notice is mailed to a certified class who received additional remuneration during

21  pay periods in which they were paid rest period premium wages and whose regular rate of pay did

22  not include such additional remuneration when Defendants calculated those employees' rest

23  period premium wages.

24        H.     **Wage Statement Class**: All current and former hourly non-exempt Flight

25  Attendants employed by Defendants as direct employees as well as temporary employees

26  employed through temp agencies in California at any time from one (1) year prior to the filing of

27  the initial Complaint in this action through the date notice is mailed to a certified class who

28  received inaccurate or incomplete wage and hour statements.

Exhibit 1, Page 28

I.    **Waiting Time Class**: All current and former hourly non-exempt Flight Attendants employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from September 16, 2023 through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

J.    **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

43.    There is a well-defined community of interest in the litigation and the classes are ascertainable:

A.    **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B.    **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i.    Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii.    Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Regular Rate Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iv.    Whether Defendants violated Labor Code sections 512 and 226.7, as

1  well as the applicable Wage Order, by employing the Meal Period Class Members without

2  providing all compliant and/or required meal periods and/or paying meal period premium wages;

3          v.    Whether Defendants violated Labor Code sections 512 and 226.7, as

4  well as the applicable Wage Order, by employing the Meal Period Premium Wages Class

5  Members without paying meal period premium wages at the proper rate;

6          vi.    Whether Defendants violated Labor Code section 226.7 by

7  employing the Rest Period Class Members without providing all compliant and/or required rest

8  periods and/or paying rest period premium wages;

9          vii.    Whether Defendants violated Labor Code section 226.7, as well as

10  the applicable Wage Order, by employing the Rest Period Premium Wages Class Members

11  without paying rest period premium wages at the proper rate;

12          viii.    Whether Defendants failed to provide the Wage Statement Class

13  Members with accurate itemized statements at the time they received their itemized statements;

14          ix.    Whether Defendants failed to provide the Waiting Time Class

15  Members with all of their earned wages upon separation of employment within the statutory time

16  period;

17          x.    Whether Defendants committed unlawful business acts or practice

18  within the meaning of Business and Professions Code sections 17200, *et seq.*;

19          xi.    Whether Class Members are entitled to unpaid wages, penalties, and

20  other relief pursuant to their claims;

21          xii.    Whether, as a consequence of Defendants' unlawful conduct, the

22  Class Members are entitled to restitution, and/or equitable relief; and

23          xiii.    Whether Defendants' affirmative defenses, if any, raise any common

24  issues of law or fact as to Plaintiff and as to Class Members as a whole.

25      C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members

26  in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages

27  arising out of Defendants' failure to pay wages at least at minimum wage for all time the

28  employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage

Exhibit 1, Page 30

Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and members of the Regular Rate Class sustained damages arising out of Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure at times to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Meal Period Premium Wages Class sustained damages arising out of Defendants' failure to pay meal period premium wages at the proper rate. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure at times to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as compensation. Plaintiff and members of the Rest Period Premium Wages Class sustained damages arising out of Defendants' failure to pay rest period premium wages at the proper rate. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D. **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The expenses and burdens of individual litigation would make it difficult or impossible for individual members of each class to redress the wrongs done to them, while important public

1   interests will be served by addressing the matter as a class action. The cost to and burden on the

2   court system of adjudication of individualized litigation would be substantial, and substantially

3   more than the costs and burdens of a class action. Individualized litigation would also present the

4   potential for inconsistent or contradictory judgments.

5           F.      **Public Policy Consideration**: Employers throughout the state violate wage

6   and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

7   indirect retaliation. Former employees fear bringing actions because they perceive their former

8   employers can blacklist them in their future endeavors with negative references or by other means.

9   Class actions provide the class members who are not named in the Complaint with a type of

10   anonymity that allows for vindication of their rights.

11                   **FIRST CAUSE OF ACTION**

12   **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

13       **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

14           **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

15       44.      Plaintiff incorporates by reference and re-alleges each and every allegation

16   contained in this pleading as though fully set forth herein.

17       45.      At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class

18   were hourly non-exempt employees of Defendants.

19       46.      Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the

20   Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were

21   subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in

22   effect during the time the employees earned the wages.

23       47.      Defendants' policies, practices, and/or procedures required Plaintiff and the

24   Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for

25   all of the time in which they were subject to Defendants' control.

26       48.      Defendants employed policies, practices, and/or procedures including, but not

27   limited to:

28           (a) Defendant failed to pay Plaintiff and the Minimum Wage Class their actual hours

worked during their shifts and instead paid Plaintiff and the Minimum Wage Class based on anticipated trip times and not all hours worked.

49.   Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

50.   As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

51.   Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTIONS 510 and 1194

**(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

52.   Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

53.   At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 9.

54.   Pursuant to Labor Code sections 510 and 1194 and the Wage Order 9, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

55.   Labor Code section 510, subdivision (a), states in relevant part:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be

compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

56.    Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

57.    Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

58.    Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

(a) Defendant failed to pay Plaintiff and the Overtime Class their actual hours worked during their shifts and instead paid Plaintiff and the Overtime Class based on anticipated trip times and not all hours worked.

59.    Plaintiff and the Overtime Class were not paid for this time.

60.    To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

61.    Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

62.    In this case, when Plaintiff and Regular Rate Class Members earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay.

Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as per diem pay for example, when calculating Plaintiff's and Regular Rate Class Members' regular rate of pay for the purpose of paying overtime.

63.     As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

64.     Pursuant to Labor Code section 1194, Plaintiff, the Overtime Class, and the Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7

**(Against All Defendants by Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class)**

65.     Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

66.     At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

67.     California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 9, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee

1    does not receive a required meal or rest period that "the employer shall pay the employee one

2    additional hour of pay at the employee's regular rate of compensation for each work day that the

3    meal or rest period is not provided."

4    68.    In this case, Plaintiff and the Meal Period Class worked shifts long enough to

5    entitle them to meal periods under California law. Nevertheless, Defendants employed policies,

6    practices, and/or procedures that resulted in their failure at times to authorize or permit meal

7    periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour

8    period of work as required by law. Such policies, practices, and/or procedures included, but were

9    not limited to:

10    (a) Failing at times to provide Plaintiff and the Meal Period Class timely,

11    uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked.

12    (b) Requiring Plaintiff and the Meal Period Class who worked single flight attendant

13    posts to remain on-duty at times during their meal periods because no other flight attendant was

14    available to relieve them of their work duties during meal breaks.

15    69.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1)

16    hour of pay at their regular rate of pay for each workday they did not receive all legally required

17    and legally compliant meal periods. Defendants lacked a policy and procedure for compensating

18    Plaintiff and the Meal Period Class with premium wages when they did not receive all legally

19    required and legally compliant meal periods.

20    70.    Finally, on occasions when Defendants paid Plaintiff and the Meal Period Premium

21    Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted

22    meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the

23    Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants

24    maintained a policy, practice, and/or procedure of failing to include all remuneration such as per

25    diem pay for example, when calculating Plaintiff's and the Meal Period Premium Wages Class'

26    regular rate of pay for the purpose of paying meal period premiums.

27    71.    Defendants' unlawful conduct alleged herein occurred in the course of

28    employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and

1   such conduct has continued through the filing of this Complaint.

2       72.    Because Defendants failed to provide employees with meal periods in compliance

3   with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period

4   Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for

5   each workday that Defendants did not provide all legally required and legally compliant meal

6   periods, pursuant to Labor Code section 226.7 and the Wage Order.

7       73.    Plaintiff, on behalf of herself, the Meal Period Class, and the Meal Period Premium

8   Wages Class seeks damages and all other relief allowable, including a meal period premium wage

9   for each workday Defendants failed to provide all legally required and legally compliant meal

10   periods, plus pre-judgment interest.

11                            **FOURTH CAUSE OF ACTION**

12   **FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION**

13                       **OF LABOR CODE SECTION 226.7**

14   **(Against All Defendants by Plaintiff, the Rest Period Class, and the Rest Period Premium**

15                               **Wages Class)**

16       74.    Plaintiff incorporates by reference and re-alleges each and every allegation

17   contained in this pleading as though fully set forth herein.

18       75.    At all times relevant to this Complaint, Plaintiff, the Rest Period Class, and the Rest

19   Period Premium Wages Class were employees of Defendants, covered by Labor Code section

20   226.7 and Wage Order 9.

21       76.    California law requires that "[e]very employer shall authorize and permit all

22   employees to take rest periods, which insofar as practicable shall be in the middle of each work

23   period. The authorized rest period time shall be based on the total hours worked daily at the rate of

24   ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 9, §12.

25   Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length,

26   20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10

27   hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53

28   Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement

1  "obligates employers to permit – and authorizes employees to take – off-duty rest periods."

2  *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods

3  employers must relieve employees of all duties and relinquish control over how employees spend

4  their time. *Id*. If an employer fails to provide an employee a rest period in accordance with the

5  applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the

6  employee's regular rate of compensation for each work day that the rest period is not provided."

7  Wage Order 9, §12; Labor Code section 226.7.

8  77.     In this case, Plaintiff and the Rest Period Class regularly worked shifts of more

9  than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or

10  procedures that resulted in their failure at times to authorize or permit all legally required and

11  compliant rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or

12  procedures included, but were not limited to:

13       (a) Failing at times to provide Plaintiffs and the Rest Period Class with net ten (10)

14  minute rest breaks for every four (4) hours worked or major fraction thereof.

15       (b) Requiring Plaintiff and the Rest Period Class who worked single flight attendant

16  posts to remain on-duty during some of their rest periods because no other flight attendant was

17  available to relieve them of their work duties during rest breaks.

18  78.     Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1)

19  hour of pay at their regular rate of pay for each workday they did not receive all legally required

20  and legally compliant rest periods. Defendants lacked a policy and procedure for compensating

21  Plaintiff and the Rest Period Class with premium wages when they did not receive all legally

22  required and legally compliant rest periods.

23  79.     Further, on occasions when Defendants did pay Plaintiff and the Rest Period

24  Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or

25  interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's

26  and the Rest Period Premium Wages Class' regular rate of compensation. Specifically, Defendants

27  maintained a policy, practice, and/or procedure of failing to include all remuneration such as per

28  diem pay for example, when calculating Plaintiff's and the Rest Period Premium Wages Class'

1  regular rate of pay for the purpose of paying rest period premiums.

2      80.    Defendants' unlawful conduct alleged herein occurred in the course of employment

3  of Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class and such conduct

4  has continued through the filing of this Complaint.

5      81.    Because Defendants failed to provide employees with rest periods in compliance

6  with the law, Defendants are liable to Plaintiff, the Rest Period Class, and the Rest Period

7  Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for

8  each workday that Defendants did not provide all legally required and legally compliant rest

9  periods, pursuant to Labor Code section 226.7 and the Wage Order.

10      82.    Plaintiff, on behalf of herself, the Rest Period Class, and the Rest Period Premium

11  Wages Class seeks damages and all other relief allowable, including a rest period premium wage

12  for each workday Defendants failed to provide all legally required and legally compliant rest

13  periods, plus pre-judgment interest.

14                        **FIFTH CAUSE OF ACTION**

15    **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN**

16                **VIOLATION OF LABOR CODE SECTION 226**

17          **(Against All Defendants by Plaintiff and the Wage Statement Class)**

18      147.    Plaintiff incorporates by reference and re-alleges each and every allegation

19  contained in this pleading as though fully set forth herein.

20      148.    At all times relevant to this Complaint, Plaintiff and the Wage Statement Class

21  were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

22      149.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage

23  Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an

24  itemized wage statement accurately stating the following:

25      (1) gross wages earned, (2) total hours worked by the employee, except for any
        employee whose compensation is solely based on a salary and who is exempt from
26      payment of overtime under subdivision (a) of Section 515 or any applicable order of
        the Industrial Welfare Commission, (3) the number of piece-rate units earned and
27      any applicable piece rate if the employee is paid on a piece-rate basis, (4) all
        deductions, provided that all deductions made on written orders of the employee
28      may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive
        dates of the period for which the employee is paid, (7) the name of the employee

and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

150.   As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to her and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

151.   Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

152.   Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

153.   As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

154.    Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

155.    Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

156.    Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT
### IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203

### (Against All Defendants by Plaintiff and the Waiting Time Class)

157.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

158.    At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

159.    An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id.*

160.    Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

161.    Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

162.    Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

163.    Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

164.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to separation of employment.

165.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all continuation wages owed under Labor Code section 203.

1    166.    Plaintiff and the Waiting Time Class are entitled to recover the full amount of their

2    unpaid wages, continuation wages under Labor Code section 203, and interest thereon, and

3    reasonable attorney's fees and costs under Labor Code section 218.5.

4    ### SEVENTH CAUSE OF ACTION

5    **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS**

6    **CODE SECTIONS 17200, ET SEQ.**

7    **(Against All Defendants by Plaintiff and the California Class)**

8    167.    Plaintiff incorporates by reference and re-alleges each and every allegation

9    contained in this pleading as though fully set forth herein.

10    168.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

11    within the meaning of Business and Professions Code section 17200. This unfair conduct includes

12    Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay

13    employees at least at the minimum wage rate for all hours which they worked; failure to pay

14    overtime wages for all overtime hours worked; failure to authorize or permit all legally required

15    and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit

16    all legally required and/or compliant rest periods or pay rest period premium wages; failure to

17    provide accurate wage and hour statements; and failure to timely pay all wages due upon

18    separation of employment. Due to their unfair and unlawful business practices in violation of the

19    Labor Code, Defendants have gained a competitive advantage over other comparable companies

20    doing business in the State of California that comply with their obligations to pay minimum wages

21    for all hours worked; pay overtime wages for all overtime hours worked; authorize or permit all

22    legally required and/or compliant meal periods or pay meal period premium wages; authorize or

23    permit all legally required and/or compliant rest periods or pay rest period premium wages;

24    provide accurate wage and hour statements; and timely pay all wages due upon separation of

25    employment.

26    169.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

27    California Class have suffered injury in fact and lost money or property, as described in more

28    detail above.

170.     Pursuant to Business and Professions Code section 17203, Plaintiff and the California Class are entitled to restitution of all wages and other monies rightfully belonging to them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair business practices. Plaintiff also seeks a public injunction against Defendants on behalf of the general public, the primary purpose and effect of which is prohibiting and enjoining Defendants, and any and all persons acting in concert with them, from engaging in the conduct alleged herein that is injurious to the general public, including each of the unlawful policies, practices, and/or procedures set forth herein, along with reasonable attorney's fees and costs under Code of Civil Procedure section 1021.5 and other applicable statutes.

## PRAYER FOR RELIEF

**WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

**ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, AND SEVENTH, CAUSES OF ACTION:**

1.     That the Court determine that this action may be maintained as a class action (for the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of Civil Procedure section 382 and any other applicable law;

2.     That the named Plaintiff be designated as a class representative for the California Class (and all sub-classes thereof);

3.     For a declaratory judgment that the policies, practices, and/or procedures complained herein are unlawful; and

4.     For an injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.     That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

Exhibit 1, Page 44

1    2.    For damages, according to proof, including but not limited to unpaid wages;

2    3.    For any and all legally applicable penalties;

3    4.    For liquidated damages pursuant to Labor Code section 1194.2;

4    5.    For pre-judgment interest, including but not limited to that recoverable under Labor
5    Code section 1194, and post-judgment interest;

6    6.    For attorneys' fees and costs of suit, including but not limited to that recoverable
7    under Labor Code section 1194;

8    7.    For pre-judgment interest, including but not limited to that recoverable under Labor
9    Code section 218.6, and post-judgment interest; and

10    8.    For such other further relief, in law and/or equity, as the Court deems just or
11    appropriate.

12    **ON THE SECOND CAUSE OF ACTION:**

13    1.    That Defendants be found to have violated the overtime provisions of the Labor
14    Code and the IWC Wage Order as to Plaintiff and the Overtime Class;

15    2.    For damages, according to proof, including but not limited to unpaid wages;

16    3.    For any and all legally applicable penalties;

17    4.    For pre-judgment interest, including but not limited to that recoverable under Labor
18    Code section 1194, and post-judgment interest;

19    5.    For attorneys' fees and costs of suit, including but not limited to that recoverable
20    under Labor Code section 1194; and

21    6.    For such other further relief, in law and/or equity, as the Court deems just or
22    appropriate.

23    **ON THE THIRD CAUSE OF ACTION:**

24    1.    That Defendants be found to have violated the meal period provisions of the Labor
25    Code and the IWC Wage Order as to Plaintiff and the Meal Period Class;

26    2.    For damages, according to proof, including unpaid premium wages;

27    3.    For any and all legally applicable penalties;

28    4.    For pre-judgment interest, including but not limited to that recoverable under Labor

1    Code section 218.6, and post-judgment interest; and

2        5.      For such other further relief, in law and/or equity, as the Court deems just or

3    appropriate.

4                        **ON THE FOURTH CAUSE OF ACTION:**

5        1.      That Defendants be found to have violated the rest period provisions of the Labor

6    Code and the IWC Wage Order as to Plaintiff and the Rest Period Class;

7        2.      For damages, according to proof, including unpaid premium wages;

8        3.      For any and all legally applicable penalties;

9        4.      For pre-judgment interest, including but not limited to that recoverable under Labor

10   Code section 218.6, and post-judgment interest; and

11       5.      For such other further relief, in law and/or equity, as the Court deems just or

12   appropriate.

13                       **ON THE FIFTH CAUSE OF ACTION:**

14       1.      That Defendants be found to have violated the provisions of the Labor Code

15   regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

16       1.      For damages and/or penalties, according to proof, including damages and/or

17   statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable

18   damages or penalties;

19       2.      For pre-judgment interest and post-judgment interest;

20       3.      For an injunction against Defendants enjoining them, and any and all persons

21   acting in concert with them, from engaging in violations of Labor Code section 226, subdivision

22   (a);

23       4.      For attorneys' fees and costs of suit, including but not limited to those recoverable

24   under Labor Code section 226, subdivision (e); and

25       5.      For such other further relief, in law and/or equity, as the Court deems just or

26   appropriate.

27                       **ON THE SIXTH CAUSE OF ACTION:**

28       1.      That Defendants be found to have violated the provisions of the Labor Code

1  regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the

2  Waiting Time Class;

3      2.    For damages and/or penalties, according to proof, including damages and/or

4  statutory penalties under Labor Code section 203 and any other legally applicable damages or

5  penalties;

6      3.    For pre-judgment interest, including under Labor Code section 218.6, and post-

7  judgment interest;

8      4.    For attorneys' fees and costs of suit, including but not limited to that recoverable

9  under Labor Code section 218.5; and

10      5.    For such other further relief, in law and/or equity, as the Court deems just or

11  appropriate.

12                                      **ON THE SEVENTH CAUSE OF ACTION:**

13      1.    That Defendants be found to have violated Business and Professions Code sections

14  17200, *et seq.*, for the conduct alleged herein as to the California Class;

15      2.    A declaratory judgment that the practices complained herein are unlawful;

16      3.    A public injunction against Defendants, the primary purpose and effect of which is

17  prohibiting and enjoining them, and any and all persons acting in concert with them, from

18  engaging in the conduct alleged herein that is injurious to the general public, including each of the

19  unlawful practices, policies and patterns set forth herein;

20      4.    For restitution to the full extent permitted by law;

21      5.    For attorneys' fees and costs of suit, including but not limited to that recoverable

22  under Code of Civil Procedure section 1021.5; and

23      6.    For such other further relief, in law and/or equity, as the Court deems just or

24  appropriate.

25  / / /

26  / / /

27  / / /

28  / / /

Exhibit 1, Page 47

January 15, 2025,

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:    /s/ Matthew J. Gustin
       Joseph Lavi, Esq.
       Vincent C. Granberry, Esq.
       Matthew Gustin, Esq.
       Attorneys for Plaintiff
       HARMONY A WOOD,
       on behalf of herself and others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff HARMONY A WOOD demands a trial by jury for herself and the California Class on all claims so triable.

January 15, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By:    /s/ Matthew J. Gustin
       Joseph Lavi, Esq.
       Vincent C. Granberry, Esq.
       Matthew Gustin, Esq.
       Attorneys for Plaintiff
       HARMONY A WOOD,
       on behalf of herself and others similarly situated

**COMPLAINT**
33

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)<br>LAVI & EBRAHIMIAN, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211<br><br>TELEPHONE NO.: (310) 432-0000    FAX NO.: (310) 432-0001<br>EMAIL ADDRESS: jlavi@lelawfirm.com; vgranberry@lelawfirm.com; mgustin@lelawfirm.com<br>ATTORNEY FOR *(Name):* Plaintiff HARMONY A WOOD | **FOR COURT USE ONLY**<br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON        1/15/2025<br>By        **/s/ Anthony Berini**<br>**Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch: Hall of Justice and Records

CASE NAME:
Wood v. Skywest Airlines, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>25-CIV-00331 |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount         (Amount<br>demanded      demanded is<br>exceeds $35,000)  $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3,740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [x] is  [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 15, 2025
Matthew J. Gustin
_____
(TYPE OR PRINT NAME)

▶ /s/ Matt Gustin
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    Page 1 of 2

Exhibit 1, Page 49

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

## APPROPRIATE DISPUTE RESOLUTION INFORMATION SHEET

### SUPERIOR COURT OF CALIFORNIA, SAN MATEO COUNTY

In addition to the court provided voluntary and mandatory settlement conferences, this court has established, in partnership with the community and Bar Association, the Multi-Option ADR Project. Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the San Mateo County Superior Court encourages the parties in civil cases to explore and pursue the use of Appropriate Dispute Resolution

### WHAT IS APPROPRIATE DISPUTE RESOLUTION?

Appropriate Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits.  Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes.  All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

### WHAT ARE THE ADVANTAGES OF USING ADR?

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time**.  Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.**  By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses).

- **ADR provides more participation.**  Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.**  Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.**  ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation.  Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

### Arbitration, Mediation, and Neutral Evaluation

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California State courts are Arbitration, Mediation and Neutral Evaluation.   The Multi-Option ADR Project a partnership of the Court, Bar and Community offers pre-screened panelists with specialized experience and training in each of these areas.

**Arbitration:** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award.  Arbitration awards may be entered as

Form ADR-CV-8 "Court ADR Information Sheet ADR-CV-8" [Rev. Feb. 2014]

judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

**Mediation:** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

**Neutral Evaluation:** Involves presentations to a neutral third party with subject matter expertise who may render an opinion about the case the strengths and weaknesses of the positions, the potential verdict regarding liability, and a possible range for damages.

### CIVIL ADR PROCEDURES FOR THE SAN MATEO COUNTY SUPERIOR COURT

- Upon filing a Complaint, the Plaintiff will receive this **information sheet** from the Superior Court Clerk. Plaintiff is expected to include this information sheet when he or she **serves the Complaint** on the Defendant.

- All parties to the dispute may voluntarily agree to take the matter to an ADR process. A stipulation is provided here. Parties chose and contact their own ADR provider. A Panelist List is available online.

- If the parties have not agreed to use an ADR process, an initial Case Management Conference ("CMC") will be scheduled within 120 days of the filing of the Complaint. An **original and copy of the Case Management Conference Statement must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference**. The San Mateo County Superior Court Case Management Judges will strongly encourage all parties and their counsel to consider and utilize ADR procedures and/or to meet with the ADR director and staff where appropriate.

- If the parties voluntarily agree to ADR, the parties will be required to sign and file a **Stipulation and Order to ADR.**

- A timely filing of a stipulation (at least 10 days prior to the CMC) will cause a notice to vacate the CMC. ADR stipulated cases (other than judicial arbitration) will be continued for further ADR/Case Management status review in 90 days. If the case is resolved through ADR, the status review date may be vacated if the court receives a dismissal or judgment. The court may upon review of case information suggest to parties an ADR referral to discuss matters related to case management, discovery and ADR.

- Any ADR Services shall be paid for by the parties pursuant to a separate ADR fee agreement. The ADR Director may screen appropriate cases for financial aid where a party is indigent.

- Local Court Rules require your cooperation in evaluating the ADR Project and will expect a brief evaluation form to be completed and submitted **within 10 days of completion of the process.**

**You can find ADR forms on the ADR webpage: www.sanmateocourt.org/adr. For more information contact the Multi-Option ADR Project at (650) 261-5075 or 261-5076.**

Form ADR-CV-8 "Court ADR Information Sheet ADR-CV-8" [Rev. Feb. 2014]

JAN 1 7 2025